made, and that the decree, for that reason, should be affirmed. It is held that the motion to dismiss for nonjoinder of parties must be disposed of upon the allegations of the bill, without the aid of any allegations in the answer. Bogert v. Southern Pac. Co. (D. C ) 211 Fed. 776. By equity rule 29, demurrers and pleas are abolished; defenses must be made either by a motion to dismiss or by answer. In this case defendants answered, and depositions by defendants were taken. While it is within the discretion of the court to entertain a motion to dismiss for want of equity apparent upon the face of the bill, at any time before the hearing, the rule contemplates that it be made before the answer is filed:

"If the defendant move to dismiss the bill or any part thereof, the motion may be set down for hearing by either party upon five days' notice, and if it be denied, answer shall be filed within five days thereafter, or a decree pro confesso entered."

The defendant may not, by filing his answer, move to dismiss upon denials of the allegations of the bill, or by new matter set up in his answer. The motion must be heard and decided upon the allegations of the bill, as upon demurrer. The rule which prevails in courts of equity, in disposing of motions to dismiss because the bill does not set up facts sufficient to constitute a cause of action, is to overrule the motion, and let the case go to hearing, unless it is founded upon an absolutely clear proposition that, taking the allegations to be true, the bill must be dismissed at the hearing. Rallston Steel Car Co. v. Nat. Dump Car Co. (D. C.) 222 Fed. 590.

For the reasons stated, the decree dismissing the bill must be reversed, and the cause proceed to hearing.

Reversed.

---

ROGERS v. HINCKLE.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1918.)

No. 1574.

1. VENDOR AND PURCHASER ⬤➞70—OPTION TO PURCHASE—PRICE—CONSTRUCTION.

A contract between complainant and defendant, after its reformation by the court to conform to the actual agreement of the parties, gave complainant an option to purchase for $35,000 certain land and the personal property thereon, which entitled him also to the surrender of a mortgage for $5,000 on his own property held by defendant. The contract further provided that, in case defendant received a bona fide offer for the land acceptable to him before expiration of the option, complainant might purchase at the same price. Such an offer was received of $25,000 for the land and personal property, but having no reference to complainant's mortgage. Complainant tendered such amount and demanded a conveyance of the land and the surrender of the mortgage, and on defendant's refusal brought suit for specific performance. Held that, under the contract, his tender was insufficient, as the offer received by defendant was equivalent to one of $30,000 for the entire property covered by the contract, including the mortgage.

⬤➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. SPECIFIC PERFORMANCE ⊙⊶126(1)—PERSONS ENTITLED TO REMEDY.

Complainant's tender having been more than sufficient as the contract read before its reformation, and as defendant also prayed for affirmative relief, complainant, who paid a valuable consideration for the contract, was entitled to specific performance on payment of the sum found due by the court.

Cross-Appeals from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Suit in equity by H. K. Rogers against E. E. Hinckle, as trustee. From the decree, both parties appeal. Affirmed.

The opinion of the District Judge was as follows:

The complaint in this case appears to have been originally filed in the court of common pleas for the county of Florence about the 6th of January, 1917. Thereafter, on the ground of diversity of citizenship, the cause was duly removed to this court. The defendant, having been duly served with process, has appeared and answered. The case, being at issue, came on to be heard. The testimony has been taken, and counsel for both plaintiff and defendant have been heard. The facts of the case appear to be that the plaintiff, H. K. Rogers, was heavily indebted upon certain mortgages to J. F. Muldrow and Mrs. Emma Lee Muldrow. He seems to have purchased from them, or one of them, three tracts of land in Florence county (the largest tract being a tract partly in Florence and partly in Darlington county), for which he agreed to pay the sum of $40,000. He seems to have paid no cash, but paid the $40,000 by three bonds secured by mortgages: One bond dated December 16, 1912, conditioned for the payment of $20,000 to J. F. Muldrow, secured by a mortgage of 585 acres, partly in Florence and partly in Darlington counties, with certain personal property; one bond of the same date to Emma Lee Muldrow, conditioned for the payment of $15,000, secured by a mortgage upon two tracts of land in Florence county, one tract containing 173 acres and the other tract containing 10.36 acres. These two bonds together made $35,000, and the other $5,000 he paid by a bond of the same date for $5,000 to J. F. Muldrow secured by a mortgage on 143 acres of land in Darlington county, sometimes referred to as the home place of H. K. Rogers. It will be seen, therefore, that the property purchased by H. K. Rogers comprised three tracts of land, of 585 acres, 173 acres, and 10.36 acres, for which, with the personal property referred to in the mortgage, he agreed to give the price of $40,000, and which $40,000 was paid by a mortgage of $35,000 on the purchased premises, and a mortgage for $5,000 on a separate piece of property in the county of Darlington, which belonged to Rogers personally, and which he did not purchase from Muldrow. For convenience hereafter in this decree this last property, which belonged to Rogers personally, will be referred to as the Darlington property, and the other three pieces of property, which were purchased from J. F. Muldrow and Emma Lee Muldrow, will be referred to as the Florence property, although the largest of the three pieces is also partly in Darlington county.

These mortgages were all on the 8th day of January, 1913, assigned by the Muldrows to one John Kuker. Thereafter a concern called J. F. Muldrow Company became bankrupt, and in pursuance of some settlement of the indebtedness of the Muldrows, either directly or through the said J. F. Muldrow Company, these three mortgages given by H. K. Rogers to J. F. Muldrow and Emma Lee Muldrow were assigned to the defendant, E. E. Hinckle, as trustee for certain creditors, subject to the prior assignments made to John Kuker. E. E. Hinckle thus owning as trustee all the three mortgages, negotiations were had between himself and the plaintiff, H. K. Rogers, to put the matter in a shape which might obviate the necessity and expense of a foreclosure, and after the negotiations an agreement was entered into, on or about the 7th day of January, 1916, to the effect that H. K. Rogers would convey to

E. E. Hinckle, as trustee, the three tracts of land, with the personal property thereon, so as to vest the title to the property absolutely in E. E. Hinckle, subject only to the payment of the prior mortgages assigned to John Kuker, and then that Hinckle would agree that the property might be repurchased by H. K. Rogers for the sum of $35,000, and that, if Rogers paid the sum of $35,000, which was $5,000 less than he owed on his three mortgages, he would receive the property in Florence county and also have his outstanding mortgage on the property in Darlington satisfied and the mortgage returned to him; it being distinctly understood that the agreement was to the effect that he was to get a concession of $5,000 on his purchase price—that is to say, in lieu of paying $40,000, he was to pay only $35,000, and thereupon have the Florence property and his original own individual property in Darlington free from mortgage.

In pursuance of this agreement Rogers on the 7th day of January, 1916, executed a deed of conveyance to E. E. Hinckle of the three tracts of land in Florence county, purporting to be for the sum of $35,000, and in the conveyance declared that the property conveyed was subject to the mortgages given to secure an indebtedness which was then larger in amount than the consideration stated, to wit, $35,000, which mortgages were to be kept open as muniments of title. On the same day, January 7, 1916, Hinckle, as trustee, executed a lease to Rogers of all the three tracts of land in Florence county, with the personal property, to run as to the 31st of December, 1918, for the annual rent of $2,250, to be paid on the 15th of October in each year; and on the same day Hinckle executed an agreement in writing that in consideration of the conveyance to him of the property by Rogers and of the lease of the same from him by Rogers he granted to Rogers the right and privilege of purchasing the three tracts in Florence county and the personal property leased "at such price and on such terms as shall be acceptable to me and offered by a bona fide purchaser therefor at any time previous to the 1st day of October, 1918," or "if no such bona fide offer shall be made for the purchase of the property during the period mentioned, then at and for the sum of thirty-five hundred dollars ($3,500.00)." The agreement further stipulated that Hinckle would within the time above mentioned, on demand of Rogers, convey to him the three described tracts free of incumbrances upon Rogers complying with the terms of the option by the payment of the stipulated purchase price. No mention is made in this agreement or option as written of the tract of land in Darlington county or the mortgage for $5,000 thereon. Thereafter, on or about the 15th of December, 1916, one D. T. McKeithan, a bona fide-purchaser, made an offer to Hinckle to buy the three tracts land in Florence county with the personal property thereon included in the lease, for the sum of $25,000. Nothing in this offer covered or referred to the mortgage for $5,000 on the Darlington property held by Hinckle by assignment from Kuker; so that the effect of McKeithan's offer was to pay Hinckle $25,000 for the Florence tracts and personal property and leave Hinckle still holding the $5,000 mortgage on the Darlington property. McKeithan was informed by Hinckle that, under the latter's agreement with Rogers, Rogers was entitled to the privilege of first making the purchase at the price offered. On the submission of this offer to Rogers he purported to accept and then required that on the payment by him of $25,000 Hinckle should execute to him a conveyance of the three tracts of land in Florence county free of all incumbrances and at the same time deliver to him duly satisfied the $5,000 mortgage on the Darlington property.

This Hinckle declined to do, and thereupon H. K. Rogers instituted these proceedings, first, to have the option or agreement of 7th January, 1917, reformed and corrected, by therein distinctly stating that upon Rogers complying with the terms of the option the outstanding mortgage for $5,000 on the Darlington property should also be delivered to him by Hinckle duly satisfied; and, second, for a specific performance of the option so reformed, by requiring Hinckle on the payment of $25,000 to convey to Rogers the three tracts with the personal property in Florence county free from all incumbrances and also to deliver to him fully satisfied his mortgage for $5,000 on the tract in Darlington county.

The defendant by his answer denies that the option or agreement of January 7, 1917, ever covered or was intended to cover the mortgage for $5,000 on the Darlington property, and denies that defendant ever agreed that, if Rogers complied with the terms of that option, that mortgage would be paid and delivered up to him. The defendant further, by way of a counterclaim for affirmative relief, sets up the mortgage for $5,000 on the Darlington property and prays a foreclosure and sale of it.

[1] The first question to be determined under the pleadings is as to whether or not the option or agreement of the 7th of January, 1916, should be reformed and corrected. After hearing all the testimony the court is satisfied that this option or agreement as written failed to correctly express the agreement or understanding of the parties in two particulars: First, in that the words thirty-five hundred dollars as the price to be paid by Rogers was evidently a mistake or typographical error and that it should read thirty five thousand dollars. Next, under the testimony and admissions of defendant it clearly appears that the understanding and agreement of the parties was that Rogers should have a concession of $5,000 on the price of $40,000 at which to repurchase the property, and that if he paid the $35,000, or if he paid such a price as should be acceptable to Hinckle, and offered by a bona fide purchaser at any time previous to the 1st day of October, 1918, the mortgage for $5,000 on his Darlington property was to be part of the property purchased or acquired by the payment of the purchase price; otherwise, he could not have been sure of obtaining the concession of $5,000.

It is therefore ordered, adjudged, and decreed that the option or agreement herein executed by E. E. Hinckle, trustee, on the 7th day of January, 1916 (according to the instrument put in evidence in this case), be and the same is hereby reformed and corrected as follows: First, by striking out the words "thirty-five hundred dollars ($3,500.00)" in letters and figures on the line next above the last line of the first page, and inserting in lieu thereof "thirty-five thousand ($35,000.00) dollars"; second, by inserting between the words "deed" and "upon," in the third line of the second page the following words: "And to deliver up to him the mortgage for $5,000 on the 143 acres in Darlington county duly satisfied."

[2] The next question is: Is the plaintiff entitled in these proceedings to a specific performance of this option or contract as reformed? The plaintiff's construction of the contract is that, the offer made by McKeithan as a bona fide purchaser being $25,000, he, the plaintiff, was entitled, on payment of the same amount, to have a conveyance of the three tracts of land and personal property in Florence county free of incumbrances, and also to have the mortgage for $5,000 satisfied upon the Darlington property. This construction and claim of the plaintiff is, however, in effect $5,000 less than the offer made by McKeithan, and, if allowed, would result in Rogers obtaining, not only the concession of $5,000 on his original purchase price of $40,000, but of obtaining a concession of $15,000 on that purchase price, for he would thus obtain for $25,000 what he had originally agreed to pay $40,000 for. In the opinion of the court Rogers is not entitled to specific performance upon any such construction of the contract as contended by him. The offer purporting to be accepted by Rogers is not the offer made by McKeithan. The offer made by McKeithan was $25,000 for the three tracts of land in Florence and the personal property alone, and this left Hinckle free to hold and enforce his mortgage for $5,000 on the Darlington property, and therefore, in effect, the offer of McKeithan was $30,000, and not $25,000. This would have given Rogers a concession of $10,000, or $5,000 more than he was entitled to by his own understanding of the agreement. Yet Rogers' attempt is to obtain a concession of $15,000, on the ground that his tender of the $25,000, being the amount offered by McKeithan for a part of the property, should, under the wording of the option, cover the whole of the property therein mentioned, and entitle Rogers, not only to that property that McKeithan was to get, but to the $5,000 mortgage. This the court finds that he is not entitled to; that the true option was to allow him to acquire the property, including his $5,000 mortgage, only by an offer and a payment equivalent to the bona fide offer received by Hinckle. This he has failed to comply with.

The plaintiff, however, submits to the court that, if the court reforms the agreement, he should be allowed, on compliance with the agreement in accordance with the construction of the contract now made by the court, to require specific performance on the part of Hinckle; that is to say, that if Rogers will now pay the sum of $25,000, with interest from the date of tender, say the 16th day of December, 1916, and will recognize as valid and outstanding the mortgage upon his property in Darlington, and leave Hinckle free to foreclose or enforce it, he should have specific performance of the contract. The defendant insists that Rogers is not entitled at this stage to any such decree; that he is not entitled to a specific performance until he should have tendered the amount, the full payment under the option; and that, having been notified of the offer made by McKeithan and having failed to tender an amount equal to it, he has lost his right to a specific performance. The agreement or option in the present case and under all the circumstances is not one in which time would so appear to be of the essence of the contract as to defeat the right of the court to relieve against a forfeiture. It does not appear that the rights of any third parties have intervened, such as would make it inequitable to allow Rogers the opportunity now to comply with his option. One of the earliest acts of the Court of Chancery, in a case of mortgage by way of conditional sale, was to refuse to allow the forfeiture, but to decree a time for redemption, under what was called the equity of redemption. This present option is not dissimilar, and if the court could relieve upon the positive terms of a sale under which the title became absolute in the mortgagee upon the failure of the mortgagors to perform, it can certainly relieve under the circumstances of the present agreement.

It is to be borne in mind that this agreement is not a mere option, but an express understanding for valuable consideration, and that Rogers has already executed his entire part of it. He was under no obligation to execute the conveyance of the land to Hinckle, thus yielding up his equity of redemption; yet he did so. He conveyed to Hinckle his title to the land, which would, if he had retained, have insured him an opportunity to exercise his equity of redemption under any proceedings for foreclosure. He also accepted a lease of the property, which is expressly made one of the considerations for the option. This lease seems to have secured under the name of rent what in effect paid the interest on the price of $35,000. And, furthermore, the defendant himself does not stand on the option as written, for it is necessary to reform the option also to protect the defendant Hinckle. If the option was in force as it read for $3,500 only, and not $35,000, the tender made by Rogers would have been ample to cover all his obligations. It is not a case in which counter equities should be overlooked. Both plaintiff and defendant have come into court, setting up and seeking affirmative equitable relief. The maxim. "He who seeks equity must do equity," is as appropriate to the conduct of the defendant as that of the complainant. Brown v. Lake Superior Iron Co., 134 U. S. 535, 10 Sup. Ct. 604, 33 L. Ed. 1021. Rogers has already parted with all the consideration he was to give for the option. The defendant, having received it, is not discharged on his part by the mere signing of the option; he must perform its stipulations as required by its terms in the same conformity to equity as is required of the complainant.

It is therefore ordered, adjudged, and decreed that the plaintiff, H. K. Rogers, do, within 30 days from the date of this decree, pay to the defendant, E. E. Hinckle, trustee, the sum of $25,000, with interest thereon at the rate of 7 per cent. per annum from the 16th day of December, 1916, together with the sum of $5,350, with interest thereon at the rate of 7 per cent. from the 8th day of February, 1916, together with the sum of $250, which is allowed by this court as a reasonable counsel fee to be paid under the terms of the mortgage for the recovery of the said sum of $5,350, with interest in these proceedings, and that upon the payment of all the same the defendant, E. E. Hinckle, as trustee, do execute and deliver contemporaneously with such payment to the plaintiff, H. K. Rogers, a deed of conveyance in good and sufficient form of all the three tracts of land in Florence and Darlington counties described in the agreement or option contract of the 7th of January, 1916, free of incumbrances, with all the other property that day leased to said H. K.

Rogers, which shall be on hand at the time of compliance by the said H. K. Rogers with this decree, and do at the same time deliver up to the said H. K. Rogers his bond and mortgage to J. F. Muldrow, dated the 16th day of December, 1912, to secure the sum of $5,000, on the tract of land in Darlington county containing 143 acres, duly satisfied in form to have such satisfaction duly recorded on the record of the said mortgage.

It is further ordered and decreed that on the failure of the plaintiff to comply with this decree by the payment of the sums above mentioned within the time limited he shall be debarred of any further right, title, or privilege in and to the lands and premises described in the option or agreement dated January 7, 1916, and of any right, title, or privilege under said agreement, and that the defendant may apply to this court for an order of foreclosure and sale of the 143 acres in Darlington county, or for such other decree to enable him to foreclose and realize thereon as may be meet and proper. It is further ordered that the cost of these proceedings to the date of this decree, including the entry thereof, shall be divided; each party paying his own costs where the same are severable, and one-half where the costs are incurred in the cause generally.

W. F. Stevenson, of Cheraw, S. C., for appellant and cross-appellee.

Henry E. Davis, of Florence, S. C. (Willcox & Willcox, of Florence, S. C., on the brief), for appellee and cross-appellant.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PER CURIAM. We are satisfied with the disposition of this case by the court below, and find no occasion to add anything to the views expressed in the opinion of the learned District Judge.

The decree is accordingly affirmed.

---

### REID v. SHAFFER.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1918.)

No. 2872.

1. CANCELLATION OF INSTRUMENTS ☞58—INCIDENTAL RELIEF.

Equity having jurisdiction of a suit to cancel a contract between complainant and defendant, giving defendant a percentage of the profits which were expected to result from complainant's acquisition of a leasehold, in which transaction defendant was interested, on the ground that defendant concealed a profit received from the owner, may, for the purpose of doing complete justice between the parties, decree a recovery of the sum concealed by defendant.

2. PRINCIPAL AND AGENT ☞48—DUTY OF AGENT.

Absolute faithfulness and loyalty are required of an agent in whom confidence is placed, and personal benefit to him secretly obtained is incompatible with relation to agency.

3. FRAUD ☞11(2)—MISREPRESENTATIONS—OPINION.

Where defendant, when he interested complainant in the acquisition of a leasehold, stated that it could be obtained for $60,000, but when the negotiations were actually entered into the owner demanded $65,000, defendant's statements concerning the $60,000 were a mere expression of opinion only.

4. PARTNERSHIP ☞5—RELATION—INTENTION.

The relation of the parties is determined by their intention, and mere participation in profits will not alone establish a partnership.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.